# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALEJANDRO MOLINA LOYA,<br><br>　　　　Defendant. | Case No.: 1:19-cr-00190-1 JLT SKO<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(2)<br><br>(Doc. 84) |

　　　　Alejandro Molina Loya is a federal prisoner moving for compassionate release under 18 U.S.C. § 3582(c)(2) and the "zero-point offender" provision of the retroactive amendments to the U.S. Sentencing Guidelines ("Amendment 821"). (Doc. 84.) The Government opposes the motion, contending that Defendant is ineligible for a sentence reduction because he was assigned one criminal history point based on a prior conviction. (Doc. 87.) Defendant did not file a reply. For the reasons set forth below, Defendant's motion is **DENIED**.

　　　　On January 7, 2022, pursuant to a written plea agreement, Defendant pled guilty to conspiracy to distribute and to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1). (Docs. 75, 76.) Following Defendant's guilty plea, a "Presentence Investigation Report" ("PSR") was prepared by the probation officer. The PSR indicated a total offense level of 37. (*See* Doc. 79, PSR ¶ 40.) Defendant was assigned one criminal history point for a prior criminal conviction. (PSR ¶¶ 45-46.) This resulted in a criminal history score of 1, which placed Defendant in

criminal history category I, according to the sentencing table at U.S.S.G. Chapter 5, Part A. (PSR ¶¶ 47-48.) Defendant was not assigned status points under the prior U.S.S.G. § 4A1.1(d). (*See* PSR ¶¶ 46-47.) Based on Defendant's offense level and criminal history category, the advisory guideline imprisonment range was 210 to 262 months. (PSR ¶ 82.) Defendant was subject to a 10-year statutory mandatory minimum term of imprisonment. (PSR ¶ 81.)

The Court held a sentencing hearing on April 1, 2022. (Doc. 82.) The Court adopted the findings in the PSR after removing the two-level enhancement under U.S.S.G. § 2D1.1(b)(1) regarding a dangerous weapon. (Statement of Reasons ("SOR") at 1.) This lowered Defendant's total offense level to 35, did not affect his criminal history category, and reduced the advisory sentencing guidelines range to between 168 and 210 months. (SOR at 1.) The Court varied downward based on consideration of the sentencing factors enumerated in 18 U.S.C. § 3553(a). (SOR at 3.) Defendant was sentenced to 150 months in custody. (Doc. 82; Doc. 83 at 2.)

Defendant now asks the Court to reduce his sentence under Part B, Subpart 1 of Amendment 821 to the U.S. Sentencing Guidelines, which provides a two-offense-level reduction for certain "zero-point offenders" who present zero criminal history points and satisfy the remaining criteria listed in U.S.S.G. § 4C1.1(a). *See* U.S.S.G. § 4C1.1. Defendant asserts that he meets the criteria under § 4C1.1(a); specifically, that he did not receive any criminal history points. (Doc. 84 at 2.) As indicated, however, Defendant was assigned one criminal history point based on a prior criminal conviction. (PSR ¶¶ 45-46.) Because § 4C1.1 provides for a sentence reduction only for those offenders with no criminal history points, Defendant does not qualify for an offense level reduction under this provision and is therefore ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). Based upon the foregoing, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(2), (Doc. 84), is **DENIED**.

IT IS SO ORDERED.

Dated:   **October 21, 2024**

UNITED STATES DISTRICT JUDGE